# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

Conseco Finance Servicing Corp., f/k/a Green Tree Financial Servicing Corporation,

Plaintiff,

v.

Title West Mortgage, Inc.,

Defendant.

Case No. 01-CV-1731 (PAM/JGL)

**ORDER FOR JUDGMENT**

On December 18, 2001, the Court heard the motion of Defendant Title West Mortgage, Inc.'s ("TWM") counsel for leave to withdraw. The ground for counsel's motion was that TWM refuses to participate or cooperate in its defense of this action. The Court denied the motion and instructed Plaintiff Conseco Finance Servicing Corp. ("Conseco") to bring a motion for an order to show cause why judgment should not be entered against TWM and in favor of Conseco.

Conseco so moved, and on January 8, 2002, this Court heard Conseco's Motion for an Order to Show Cause why default judgment should not be entered in its favor. Timothy G. Gelinske appeared on behalf of Conseco. No one appeared on behalf of TWM. Conseco's Motion was granted. The Court Ordered TWM to appear at 2:20 p.m. on January 15, 2002, before the Honorable Paul A. Magnuson, Room 730, Seventh Floor, Federal Building, 316 North Robert Street, Saint Paul, Minnesota to show cause why judgment should not be entered against it and in favor of Conseco.

TWM was further instructed that its failure to appear would result in judgment being entered in favor of Conseco for the payoff amounts remaining on the loans identified in the Complaint, plus Conseco's costs, expenses and attorneys' fees incurred in this litigation. In

FILED JAN 15 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

addition, TWM was informed that for every loan identified in the Complaint that is paid off by the borrower, TWM would be required to produce to Conseco the original Note and Mortgage and an Assignment of the Note and Mortgage to Conseco within 10 days of receiving notice that the borrower paid off the loan.

TWM failed to appear on January 15, 2002, to show cause why default judgment should not be entered against it. Accordingly, based upon all the files, records, and proceedings herein and the Court being fully apprised in the premises, it is hereby **ORDERED:**

1. Judgment is herby entered in favor of Conseco and against TWM in the amount of $149,243.00. This amount represents the payoffs for the unpaid loans and Conseco's costs, expenses and attorneys' fees itemized as follows:

**LOAN PAYOFFS**

| NAME | ACCOUNT NO. | PAYOFF AS OF JANUARY 15, 2002 | DAILY PER DIEM |
|---|---|---|---|
| Watkins | 15876706 | $23,380.11 | $9.29 |
| Struempf | 15894910 | 13,420.57 | 4.92 |
| Burger | 15895069 | 24,439.50 | 7.85 |
| Taylor | 15895373 | 7,828.03 | 2.69 |
| Cantu | 15925378 | 30,199.13 | 10.54 |
| Williams | 15928873 | 19,333.58 | 7.33 |
| Miranda | 15894610 | 22,623.76 | 7.51 |
| | | $141,224.68[1] | |

**LEGAL COSTS, EXPENSES AND FEES**

**(1) Attorneys' Fees – Tim Gelinske and Susan Ryan:**

| | | | |
|---|---|---|---|
| Timothy G. Gelinske | 19.55 hours @ $175/hr. | = | $3,421.25 |
| Susan E. Ryan | 24.65 hours @ $165/hr: | = | $4,067.25 |

[1] An additional $50.13 in interest on the loans shall be added for every day after January 15, 2002 this judgment remains unpaid.

**(2) Other Costs:**

| | |
|---|---|
| Duplicating | $ 186.12 |
| Fax | 75.00 |
| Filing fee | 150.00 |
| Process serving | 113.50 |
| Forms, office supplies | 7.20 |
| **Total:** | **$8,018.32** |

**TOTAL FOR LOAN PAYOFFS, LEGAL COSTS, EXPENSES AND FEES: $149,243.00**

2. TWM is also ordered to produce the original Note and Mortgage and an Assignment of Note and Mortgage to Conseco for any loan, identified in the Complaint, which has been paid by the borrowers, including each of the following:

| LOAN NO. | NAME |
|---|---|
| 15895436 | Elizabeth Cordero |
| 15914268 | Olicer Walker |
| 15895220 | Vernelle Anderson |
| 15895388 | Beverly White |
| 15895490 | Anthony Caulder |
| 15895394 | Sheri Shorten |
| 15895478 | David Krause |

3. TWM shall deliver the original Note, Mortgage and Assignment of Note and Mortgage to Conseco within 10 days of Conseco sending written notice of the borrower's payoff to TWM at the following address: Terrence O'Shaughnessy, CEO, 20970-B Warner Center Lane, Woodland Hills, CA 91367-6559.

4. If TWM fails to pay this judgment or produce the documents required, it will be required to pay Conseco's legal expenses, including attorneys' fees, incurred in enforcing this judgment.

Dated: January 15, 2002

Paul A. Magnuson
United States District Court Judge

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995